IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-                                                                                           CRIMINAL No. 05-1151 LH

ELISIA JARAMILLO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Enforce the Plea Agreement that Was Offered and Accepted on October 3, 2005 (Docket No. 44), filed February 9, 2006. The Court, having considered the Motion, accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

On June 14, 2005, Defendant was indicted in two counts of a four-count Superceding Indictment with conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(B). In her Motion she contends that following much negotiation, she orally accepted the government's offer of a written plea agreement regarding these charges on October 3, 2005. This agreement was structured so that Defendant might be eligible for the safety valve provisions set forth at 18 U.S.C. § 3553(f), and included a stipulation by the government that "it has no evidence that the firearm retrieved from the defendant's purse was being

carried by the defendant in relation to a drug trafficking crime or possessed in furtherance of a drug trafficking crime." (Mot. Ex. A ¶¶ 7a and 7b.) Neither the government nor Defendant or her attorney ever signed this agreement. (*See id.*)

Although the parties apparently contemplated that Defendant would change her plea on November 2, 2005, (Notice of Hr'g (Docket No. 36), filed Oct. 20, 2005), Defendant filed her Unopposed Motion for a Form 13 Pre-Plea Pre-Sentence Report (Motion for PSR) on October 31, 2005. The plea hearing did not take place as scheduled and the Court granted Defendant's Motion for PSR on November 10th.

On January 3, 2006, the Assistant United States Attorney faxed defense counsel a letter informing him that because of additional information he had received, "I am no longer able, in good conscience, to stipulate to paragraph 7b of the proposed agreement which reads as follows: 'The United States also stipulates that it has no evidence that the firearm retrieved from the defendant's purse was being carried by the defendant in relation to a drug trafficking crime or possessed in furtherance of a drug trafficking crime.'" (*Id.* Ex. B.) Defendant now seeks an evidentiary hearing at which her counsel would testify regarding the acceptance of the government's written plea offer and the motivation for not concluding the plea as anticipated on November 2nd. Following the evidentiary hearing, Defendant apparently would request that the Court enforce the plea agreement as it was offered and accepted on October 3rd.

Whether the government has violated an alleged oral plea agreement is a question of law, but "before considering whether a breach occurred, [the Court] must first determine that an agreement existed because 'the government is held only to those promises that it actually made to the

2

defendant.'"  *United States v. Hurst*, No. 97-7129, 1999 WL 12977, at *3 (10th Cir. Jan. 14, 1999)(citing *United States v. Brye*, 146 F.3d 1207, 1209 (10th Cir. 1998), and quoting *United States v. Peglera*, 33 F.3d 412, 413 (4th Cir. 1994)).  Thus, only if the Court can find that an agreement existed, will it then "consider the nature of the government's promise and 'evaluate this promise in light of the defendant's reasonable understanding of the promise at time the guilty plea was entered.'"  *Id.* (quoting *Brye*, 146 F.3d at 1210).  The party asserting a breach has the burden of proving "the underlying facts that establish a breach by a preponderance of the evidence."  *Id.* (quoting *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995)).

The Eighth Circuit has identified "three legal sources for an argument that a plea agreement should be enforced."  *United States v. Norris*, 439 F.3d 916, 918 (2006).  The first is that "there is a due process right to enforce an agreement with the prosecution if the defendant honors the terms of that agreement."  *Id.* (citing *Santobello v. New York*, 404 U.S. 257 (1971)).  Pursuant to *Mabry v. Johnson*, 467 U.S. 504 (1984), however, due process rights do not attach prior to approval of a plea agreement by a judge, and therefore are not applicable to the matter presently before this Court.  *See Norris*, 439 F.3d at 918-19 (no due process right at issue for aborted plea agreements); *see also Mabry*, 467 U.S. at 505 ("plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement").

The second source to which courts can look for guidance is that of general contract law.  *Id.* at 919; *see also Hurst*, 1999 WL 12977, *3 ("We apply general principles of contract law to determine the obligations of each party under a purported plea bargain.").  In applying contract principles to criminal jurisprudence, the bargaining process is analogized to the law of contracts, and plea bargains to unilateral contracts,

3

> with the view that plea bargain arrangements are not binding upon the prosecutor, in the absence of prejudice to a defendant resulting from reliance thereon, until they receive judicial sanction, anymore that they are binding upon defendants (who are always free to withdraw from plea agreements prior to entry of their guilty plea regardless of any prejudice to the prosecution that may result from a breach).

5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 21.2(f)(2d ed. 1999)(internal quotation marks omitted); *see also United States v. Papaleo*, 853 F.2d 16, 19-20 (1st Cir. 1988)(plea agreement with no explicit promise by defendant to do anything only offer by government for unilateral contract, offer which government may withdraw at anytime before defendant pleads guilty and that plea is accepted by court).  The prevailing doctrine regarding a withdrawn offer, then, is that the government "may withdraw from a plea bargain agreement at any time prior to, but not after, the actual entry of the guilty plea by the defendant or other action by him constituting detrimental reliance upon the agreement."  LAFAVE ET AL., *supra*, § 21.2(f); *see also United States v. Randel*, 8 F.3d 1526, 1527, 1528-29 (1993)(district court properly relied on *Mabry* in vacating its order that refused to allow government to withdraw its plea agreement offer and enforced oral plea agreement).

And finally according to the *Norris* court, "a defendant can argue an obligation on the part of the government to fulfill its promises outlined in a plea agreement" under Rule 11 of the Federal Rules of Criminal Procedure.  438 F.3d at 919.  As alluded to above, Rule 11 grants a defendant specific permission to withdraw from a plea, "for any reason or no reason," before it is accepted by the court, but makes no mention of the timing under which the government may withdraw, thereby creating "at least an inference that prosecutors do not enjoy the same latitude as defendants in withdrawing from plea agreements."  *Id.*; FED. R. CRIM. P. 11(d).

Accepting that the parties reached agreement on October 3, 2005, the Court has no doubt that Defendant herself withdrew on October 31st, as she clearly was allowed to do under FED. R. CRIM. P. 11(d).  In her Unopposed Motion for a Form 13 Pre-Plea Pre-Sentence Report, Defendant requested "an Order from this Court allowing the U.S. Probation Department to prepare a Form 13 Pre-Sentence Report prior to a *potential* change of plea." (Mot. PSR at 1 (emphasis added).)  As grounds for the Motion she stated that "[t]here is some *ambiguity* over Ms. Jaramillo's criminal history," which would be resolved by a Form 13 PSR.  (*Id.* ¶ 1 (emphasis added).)  Finally, Defendant noted that determination of her criminal history "will facilitate plea *negotiations*." (*Id.* ¶ 2 (emphasis added).)

If Defendant's language does not indicate her withdrawal from an existing agreement, at the very least it indicates continuing negotiations, not agreement, between the parties.  Thus, the Court must conclude that regardless of whether the parties had reached an agreement regarding a plea on October 3, 2005, Defendant did not believe that there was an existing agreement on October 31, and there was in fact was no agreement at that time.

Defendant has made no argument that the parties subsequently reached another agreement.  Therefore, there is no existing plea agreement in this case which the Court could enforce.  Additionally, Defendant's participation in the pre-sentence report procedure apparently was voluntary and undertaken in furtherance of plea negotiations, not in detrimental reliance upon an agreement.  In any case, the United States waives introduction of the statements and disclosures in paragraphs 39, 41, and 42 of the PSR, which Defendant argues are damaging and could be used against her.  (Resp. Def.'s Mot. at 8-9.)  Finally, the government was fully justified in amending or withdrawing any offer that may have been active in early January, as Defendant has provided no evidence that she

5

had accepted it, relied upon it to her detriment, or was ready to change her plea before the Court. The Court also finds that an evidentiary hearing is unnecessary and would not be helpful in resolving Defendant's Motion.

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce the Plea Agreement that Was Offered and Accepted on October 3, 2005 (Docket No. 44), filed February 9, 2006, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**